UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELA SHOCKLEY                                CIVIL ACTION

VERSUS                                         NO: 07-5258

ALLSTATE INSURANCE COMPANY                     SECTION: "S" (5)

## ORDER

**IT IS HEREBY ORDERED** that Allstate Insurance Company's motion to limit and exclude the testimony of Angela Shockley concerning post-traumatic stress disorder is **GRANTED**. (Document #22.)   Allstate contends that Shockley made this self-diagnosis, and she has not been treated by any doctor for this condition.  The court limits the grant of Allstate's motion to Shockley's testimony concerning a diagnosis and does not address her factual testimony about her experience, if relevant.

**IT IS HEREBY ORDERED** that Allstate's motion to exclude any testimony concerning additional living expenses incurred by Shockley is **DENIED** .  (Document #23.)  Allstate argues that it does not owe living expenses because, even if the home was uninhabitable, the cause of the condition was flood, a peril that is not covered under the policy.  Allstate's claim file does not support the argument because it indicates that some living expenses may have been due because of damage caused by wind.

**IT IS HEREBY ORDERED** that Allstate's motion *in limine* to exclude the testimony and report of Shockley's public adjuster, Steve Hitchcock, is **DENIED**.  (Document #24.) Allstate argues that Hitchcock's report is inadminissble opinion testimony under Federal Rule of Evidence 702, the expert testimony does not rest on a reliable foundation as required under Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S.Ct. 2786 (1993), and the testimony is not relevant.  Allstate argues that Hitchcock provided estimates for the damages to the house without seeing the house while damaged, and that there is no foundation for his conclusion that damage to the property was caused by wind.  The court concludes that the evidence is reliable and relevant.  Hitchcock is a certified X-actimate adjuster with Crescent City Adjusters and has been accepted as an expert in construction in federal court.  Hitchcock based his opinion on discussions with Mitch Freeman, the new owner of the property, who is a contractor renovating the home; conversations with Shockley; photographs; and documentary evidence, including Allstate's claim adjusters' file.  The weight to be assigned to Hitchcock's opinion is left to the consideration of the jury.

**IT IS HEREBY ORDERED** that Allstate's motion to strike witnesses is **GRANTED**. (Document #30.)  The testimony of Dr. Harold Miller regarding Shockley's post-traumatic stress disorder and Mitch Freeman, the purchaser of the house, regarding damage to the house is excluded.  Miller and Freeman were not listed as witnesses until July 1, 2008, Shockley did not timely seek leave to add the witnesses, and the trial is set for August 25, 2008.  Further, Dr. Miller's testimony concerning post-traumatic stress disorder is not relevant to any of the claims alleged by Shockley in the complaint.  As to Mitch Freemen, in light of the court's ruling on the

testimony of Steve Hitchcock, the testimony is cumulative.

New Orleans, Louisiana, this  29th  day of July, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**